IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                              Case No. 10-10023-JTM

JUAN SOLORIO GOMEZ,

    Defendant.

MEMORANDUM AND ORDER

The following pretrial motions are before the court: Defendant's Motion for a *James* Hearing to Determine Admissibility of Extra Judicial Statements of Alleged Co-Conspirators and to Establish Order of Proof (Dkt. No. 26); Juan Solorio Gomez's Motion for Notice of Government's Intent to Use Rule 404(b) Evidence at Trial (Dkt. No. 27); and Defendant Juan Solorio Gomez's Motion for a Bill of Particulars (Dkt. No. 28). For the following reasons, the court grants in part and denies in part the Motion for a Bill of Particulars, denies the motion for 404(b) evidence, and grants a *James* hearing.

**I. The Superceding Indictment**

The grand jury returned a Superceding Indictment (Dkt. No. 20) against Juan Solorio Gomez on August 17, 2011, based on an alleged conspiracy to distribute methamphetamine. Specifically, Mr. Solorio Gomez is charged with conspiracy to possess with intent to distribute 500 or more grams of methamphetamine (Count I), conspiracy to conduct or attempt to conduct a financial transaction

affecting interstate commerce, which involves the proceeds of an unlawful activity (Count II), and two counts of interstate and foreign travel or transportation in aid of racketeering enterprises. (Counts III & IV).

## II. Mr. Solorio Gomez's Motions

*A. Mr. Solorio Gomez Is Entitled to a Bill of Particulars*

Mr. Solorio Gomez moves the court for an order requiring the government to file a bill of particulars. He argues the government must disclose the following:

> (1) The identity of all **known** but unidentified co-conspirators referred to in Count 1 of the Indictment.
> (2) The location where the alleged conspiracy was formed;
> (3) The manner in which the alleged conspiracy was designed to achieve its alleged purpose;
> (4) The persons who were present when the alleged conspiracy was formed;
> (5) The specific terms of the conspiratorial agreement;
> (6) The particulars as to all meetings and conversations in which Mr. Solorio Gomez or any other co-conspirator or **known** but unidentified co-conspirator participated in including the names of all persons that the Government will claim at trial were or are known co-conspirators;
> (7) The location of any meetings or conspiratorial conversations in which Mr. Solorio Gomez or any other co-conspirator or **known** but unidentified co-conspirator allegedly participated; and
> (8) The approximate date upon which Mr. Solorio Gomez or any other co-conspirator allegedly joined the conspiracy.

Dkt. No. 29, pgs. 4-5. Without this information, Mr. Solorio Gomez argues he will be unable to prepare and present an adequate defense. The government contends the Indictments and the discovery already provided give Mr. Solorio Gomez adequate notice of the charges against him so that he can prepare for trial. And it argues he cannot prove that a failure to produce the information sought will prejudice him.

Rule 7(f) of the Federal Rules of Criminal Procedures provides:

> **Bill of Particulars**. The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

*Id.* "'The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.'" *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (quoting *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985)). "'[T]he defendant is not entitled to notice of all of the *evidence* the government intends to produce, but only the *theory* of the government's case.'" *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (quoting *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992)). "An indictment need not go further and allege 'in detail the factual proof that will be relied upon to support the charges.'" *Dunn*, 841 F.2d at 1029 (quoting *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978)). "[A] bill of particulars is not intended to serve as a discovery device or to compel the government's disclosure of the factual proof planned for trial. Nor is it a way to require the government's explanation of the legal theories expected at trial." *United States v. Villota-Gomez*, 994 F. Supp. 1322, 1335 (D. Kan. 1998). If the defendant has access to evidence, a bill of particulars should not be used to gather the government's evidence. *United States v. Barbieri*, 614 F.2d 715, 719-20 (10th Cir. 1980).

When analyzing a motion for a bill of particulars, the court should look at the following factors: "whether the defendant has: (1) a meaningful opportunity to prepare his or her defense, (2) assurances against unfair surprise to the defendant at trial, and (3) protection from double jeopardy dangers." *United States v. Franklin*, No. 06-20176, 2007 WL 2155664, at *1 (D. Kan. July 24, 2007) (citing *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983)). "'Unless the request for the

bill of particulars shows, on its face, that failure to grant the request would result in'" a violation of one of the above-three protections, "'defendant has the burden of showing [by brief, affidavit or otherwise] that his or her request meets one of the three criteria.'" *United States v. Cooper*, 283 F. Supp.2d 1215, 1239 (D. Kan. 2003) (quoting *United States v. Anderson*, 31 F. Supp.2d 933, 938 (D. Kan. 1998)). The district court has wide discretion when deciding whether to grant a motion for a bill of particulars. *United States v. Shepard*, 188 F.R.D. 605, 609 (D. Kan. 1999).

Here, Count I essentially tracks the elements of the statute and (1) identifies the approximate date of the alleged illegal drug transaction, (2) identifies six known coconspirators, and (3) specifies the particular substance at issue. Much of the information Mr. Solorio Gomez requests is not required to be in an indictment, and a bill of particulars is not the proper vehicle to obtain the information. *See Villota-Gomez*, 994 F. Supp. at 1335. Specifically, neither the Superceding Indictment nor a bill of particulars need identify (1) the place where the conspiracy was formed or the persons present, (2) the particulars of all the meetings and conversations in which the defendant participated, (3) the specific terms of the agreement, (4) the location of the meetings, and (5) the approximate date on which Mr. Solorio Gomez joined the conspiracy. These are essentially requests for the "'whens, wheres and with whoms of acts and participation in the charged conspiracy,' which is not the proper function of a bill of particulars." *United States v. Molina*, No. 09-40041-01-10, 2010 WL 2346393, at *5 (D. Kan. June 9, 2010) (quoting *United States v. Riggins*, No. 07-40055-04, 2008 WL 558087, at *2 (D.S.D. Feb. 29, 2008)). Mr. Solorio Gomez has not shown that a lack of this information will prevent him from preparing an adequate defense, or make him susceptible to unfair surprise at trial, or lead to double jeopardy problems. Therefore, his motion is denied on all the above-noted information.

Primarily, Mr. Solorio Gomez seeks the identity of any known but undisclosed coconspirators. This district is split on whether the government must disclose the identity of known but unindicted coconspirators. *Compare Anderson*, 31 F. Supp.2d at 938 ("The defendants are entitled to know the identity of any unindicted coconspirators."), *with United States v. Guebara*, 80 F. Supp.2d 1226, 1229 n.3 (D. Kan. 1999) (stating the government is not required to disclose the identity of unindicted but known coconspirators in the absence of double jeopardy concerns); *Villota-Gomez*, 994 F. Supp. at 1336 (same). The government argues it need not disclose any more information about other coconspirators because many of them were prosecuted in *United States v. Calderon, et. al*, No. 09-10132, and Mr. Solorio Gomez already knows their identity. It may be true that he is aware of some of the coconspirators, but he may not be aware of others. Regardless, the court believes it should exercise its discretion and grant the motion as to the known but unidentified coconspirators. The court sees no reason why Mr. Solorio Gomez should be denied this information in this case. Therefore, in the interest of limiting any potential future double jeopardy problems, the government shall identify the known but undisclosed coconspirators by November 23, 2011.

*B. The Government Does not Intend to Introduce 404(b) Evidence*

Mr. Solorio Gomez moves the court to require the government to give notice of its intent to use evidence at trial, including 404(b) evidence. The government has indicated it does not intend to offer 404(b) evidence, thus, defendant's motion is denied as moot.

*C. The Court Grants Mr. Solorio Gomez a James Hearing*

Mr. Solorio Gomez moves the court to hold a pretrial hearing under *United States v. James*,

590 F.2d 575, 579-80 (5th Cir. 1979), to determine the admissibility of coconspirator statements. While a defendant has no right to a *James* hearing, the Tenth Circuit has expressed a preference for *James* hearings in this situation. *Compare United States v. Hernandez*, 829 F.2d 988, 994 (10th Cir. 1987), *with United States v. Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir. 1998). "Before making a final ruling on the admissibility of such statements, a district court may proceed in one of two ways: (1) hold a *James* hearing outside the presence of the jury or (2) provisionally admit the evidence but require the Government to connect the statements to the conspiracy during trial." *United States v. Cornelio-Legarda*, 381 Fed. App'x 835, 845 (10th Cir. 2010). In making a provisional ruling as to whether a conspiracy exists, the court may consider the government's proffered statement, along with any other independent evidence. *United States v. Pricebrooks*, No. 10-20076-03, 2010 WL 5104837, at *1 (D. Kan. Dec. 2, 2010).

Coconspirator statements may be admitted if: "(1) a conspiracy existed; (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy." *United States v. Campbell*, Nos. 07-10142-01 to 20, 2009 WL 464570, at *1 (D. Kan. Feb. 20, 2009) (citing *United States v. Ramirez*, 479 F.3d 1229, 1248, n.11 (10th Cir. 2007)). The party offering the evidence must prove these facts by a preponderance of the evidence. *Bourjaily v. United States*, 483 U.S. 171, 176 (1987). "[A] court, in making a preliminary factual determination under Rule 801(d)(2)(E), may examine the hearsay statements sought to be admitted. *Id.* at 181. The court has discretion to consider any non-privileged evidence, including both the challenged coconspirator statements and any hearsay evidence, regardless of its admissibility at trial when determining whether the government met its burden. *See United States v. Owens*, 70 F.3d 1118, 1124 (10th Cir.

1995).

The government agrees that a *James* hearing is necessary. The government also believes the hearing will not be lengthy because most of the information is contained in a transcript of the Drug Enforcement Administration's Special Agent Erik B. Smith. Therefore, the court shall conduct a *James* hearing on November 29, 2011, at 2:30 p.m.

IT IS ACCORDINGLY ORDERED this 18th day of November 2011, that Defendant Juan Solorio Gomez's Motion for a Bill of Particulars (Dkt. No. 28) is granted in part and denied in part. The government shall provide the names of any known but unidentified coconspirators by November 23, 2011.

IT IS FURTHER ORDERED that Juan Solorio Gomez's Motion for Notice of Government's Intent to Use Rule 404(b) Evidence at Trial (Dkt. No. 27) is denied as moot.

IT IS FURTHER ORDERED that Defendant's Motion for a *James* Hearing to Determine Admissibility of Extra Judicial Statements of Alleged Co-Conspirators and to Establish Order of Proof (Dkt. No. 26) is granted. The court will hold a *James* hearing on November 29, 2011, at 2:30 p.m.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE